Harbhajan **SINGH**, Petitioner,

v.

Peter D. **KEISLER**,[1] Acting
U.S. Attorney General,
Respondent.

No. 07–1189–ag.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Hector M. Roman, New York, NY, for Petitioner.

Peter D. Keisler, Asst. Atty. General; Jeffrey Bernstein, Senior Litigation Counsel; Hannah Baublitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Harbhajan Singh, a native and citizen of India, seeks review of a February 28, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Harbhajan Singh,* No. A70 648 702 (B.I.A. Feb. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where

the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)).

As a preliminary matter, because Singh petitioned for review only of the BIA's February 2007 denial of his motion to reopen, we decline to consider any arguments pertaining to the BIA's August 2002 decision denying his claims on the merits. *Ke Zhen Zhao,* 265 F.3d at 89–90.

■ With limited exceptions, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Here, the Board issued its original decision in August 2002 and Singh did not submit his second motion to reopen until November 2006, well beyond the ninety day deadline. Accordingly, the BIA did not abuse its discretion in determining that the motion to reopen was untimely and number barred, as it was Singh's second motion and was filed outside the 90 day filing deadline.

■ There is, however, an exception to the filing deadline for motions to reopen asylum proceedings where the moving party demonstrates changed conditions in his or her country of nationality or the country to which removal has been ordered. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in finding that Singh failed to demonstrate changed conditions in India that would excuse the late-filing of his second motion.

The BIA reasonably noted that the police abuse and detention that Singh pointed to in the 2005 country report did not demonstrate a material change in conditions in India. These same abuses by the police were reported in the materials that Singh submitted at the time of his original merits hearing before the IJ. Furthermore, Singh did not highlight any part of the 2005 country report which indicated that the conditions for Sikhs or members of the Akali Dal party had deteriorated since the close of his merits hearing. Thus, in light of the record as a whole, the BIA did not abuse its discretion in denying Singh's motion to reopen.

■ Finally, although Singh has been approved for a visa, this is not a changed circumstance in India, and therefore not a ground for reopening. *See Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). To the extent Singh argues that the BIA should have ordered reopening *sua sponte,* his claim must be rejected, as the Court lacks jurisdiction to review discretionary decisions to reopen *sua sponte. Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.